IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHANDRA LYONS J. JACKSON;
JOENATHAN JACKSON, JR.                                                PLAINTIFFS

v.                          Civil No. 12-2218

JANET MATLOCK, Chuck Fawcett
Real Estate                                                            DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Chandra Jackson, has submitted this *pro se* action against her former landlord, Janet Matlock of Chuck Fawcett Real Estate. Plaintiff has also submitted an application to proceed *in forma pauperis* (IFP). **The Clerk is directed to file the complaint and IFP application.**

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case if it determines that the case is: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a Defendant who is immune from such relief. *Id.*

### Background

According to the allegations of the complaint, in early March of this year Plaintiff and her husband rented a residence located at 2412 North 56 Lane, Forth Smith, Arkansas. On March 14th, Defendant provided them with the key to the residence and they began moving in. Plaintiff alleges there were a number of small problems with the residence including a slow drain, peeling paint, and rain getting into the garage that Defendant promised to rectify. According to Plaintiff, she and her husband did some of the repairs themselves but did not receive payment or credit on their rent.

-1-

The air conditioning unit was not running properly and beginning in April Plaintiff notified Defendant of the problem. Defendant did not fix the problem. On July 23rd, Plaintiff was taken to the hospital where she was diagnosed with "heat causing syncope."

## Discussion

While Plaintiff would qualify from a financial standpoint for IFP status, the Court does not have jurisdiction over the claims asserted. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382) (alteration in original)).

First, to the extent Plaintiff is attempting to assert a civil rights claim against Defendant, the claim fails. Defendant is a private party who is not subject to suit under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th

AO72A
(Rev. 8/82)

Cir.1999). Defendant did not act under color of law when acting as a landlord with respect to the rental of a residence.

Second, no other basis of federal jurisdiction exists. Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). Plaintiff resides in Fort Smith, Arkansas, and indicates Defendant is also from Fort Smith, Arkansas. Diversity of citizenship does not exist.

Third, Plaintiff may not represent her husband. Ordinarily, one individual cannot assert a claim on behalf of another individual. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'").

## Conclusion

For the reasons stated, I recommend that the motion to proceed IFP be denied and the case dismissed.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20 day of September 2012.

/s/ JMarschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 20 2012

CHRIS R. JOHNSON, Clerk
By
  Deputy Clerk